Juan De Dios MAGALLANES–
ROBLEDO, Petitioner–
Appellant,

v.

UNITED STATES of America; United
States Department of Justice; Immi-
gration and Naturalization Service,
Respondents–Appellees.

No. 01–1090.

United States Court of Appeals,
Tenth Circuit.

July 11, 2001.

Before EBEL, KELLY, and LUCERO,
Circuit Judges.

ORDER AND JUDGMENT *

LUCERO, Circuit Judge.

Juan de Dios Magallanes–Robledo, an
inmate at the Federal Correctional Institu-
tion in Florence, Colorado, filed a pro se
application for a writ of habeas corpus
under 28 U.S.C. § 2241 in the United
States District Court for the District of
Colorado. The district court concluded
that the application should have been
brought under 28 U.S.C. § 2255 in the
District of Kansas, which was the district
that imposed the sentence; consequently,
the application was denied and dismissed
without prejudice. Magallanes appeals,
and we affirm.

Magallanes pleaded guilty to illegal
reentry following deportation subsequent
to an aggravated felony conviction in viola-
tion of 8 U.S.C. § 1326 and was sentenced
to sixty-three months imprisonment by the
United States District Court for the Dis-
trict of Kansas. Two weeks later, he filed
a motion to withdraw his plea, which the
district court denied. On direct appeal,
this Court affirmed. *United States v. Ma-
gallanes–Robelo*, No. 00–3212, 2001 WL
179789, 3 Fed.Appx. 927 (10th Cir. Feb. 23,
2001). This habeas case was commenced
November 17, 2000, and the district court
dismissed on February 12, 2001.

Magallanes challenges the legality of his
sentence on the grounds that he received
ineffective assistance of counsel and that
his sentence is based on alleged constitu-
tional errors that occurred during his 1990
prosecution for aggravated sexual battery

---

* The case is unanimously ordered submitted
without oral argument pursuant to Fed.
R.App.P. 34(a)(2); 10th Cir.R. 34.1(G). This
order and judgment is not binding precedent,
except under the doctrines of law of the case,
res judicata, and collateral estoppel. The
Court generally disfavors the citation of or-
ders and judgments; nevertheless, an order
and judgment may be cited under the terms
and conditions of 10th Cir.R. 36.3.

and his deportation hearing in 1993. We have construed Magallanes's filings in this case liberally. *See Curley v. Perry,* 246 F.3d 1278, 1281 (10th Cir.2001).

The district court's denial and dismissal of Magallanes's habeas application is subject to de novo appellate review. *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996). Because Magallanes's challenge is to the legality of his sentence, the district court correctly concluded that Magallanes's petition should not have been brought under 28 U.S.C. § 2241 in the District of Colorado, but rather under 28 U.S.C. § 2255 in the District of Kansas. *See Haugh v. Booker,* 210 F.3d 1147, 1149 (10th Cir.2000) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." (quotations omitted)); *see also* 28 U.S.C. § 2255 ¶ 5. For substantially the same reasons set forth by the district court, we AFFIRM. Magallanes's motions requesting the transcript of his trial and for appointment of counsel are DENIED. The motion to proceed on appeal without prepayment of costs or fees is GRANTED.

The mandate shall issue forthwith.